# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Leo Rannow, | Case No. 24-CV-04275 (JMB/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota; Jody Winter, *Judge of McLeod County*; and Tim Walz, *Governor of Minnesota*; | |
| Defendants. | |

This matter comes before the Court on Plaintiff Steven Rannow's application to proceed in forma pauperis (IFP Application). (Doc. No. 2.) For the reasons noted below, the Court dismisses the Complaint (Doc. No. 1) without prejudice and denies the IFP Application as moot.

Courts must deny an IFP application and dismiss the underlying legal action if a complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, courts accept as true the factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). The factual allegations need not be overly detailed, but they must be sufficient to "raise a right to relief above the speculative level," and the complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Pro se complaints

are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Complaint alleges that Defendants have "[v]iolated [Rannow's] life" through placing him in correctional facilities, treatment centers, and group homes "with no chance of leaving" and erroneously claiming that Rannow's use of alcohol makes him dangerous to himself and other people.  (Doc. No. 1 at 4.)  Accepting, as the Court must, each of the non-conclusory factual allegations in Rannow's short complaint to be true, the pleading fails to establish how any of the conditions to which Rannow is now subject are unlawful.  For example, Rannow does not plead facts showing that the civil-commitment or conservatorship proceedings were conducted in a manner inconsistent with his federal due process rights or that the specific conditions imposed upon him violate the constitution.[1]  Rannow has failed to state a claim on which relief may be granted, and this case will be dismissed without prejudice on that basis.  *See* 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Rannow's civil commitment was reviewed as recently as January 22, 2024, by the State of Minnesota Commitment Appeal Panel, which concluded that Rannow continued to be mentally ill and dangerous to the public.  *See In the Matter of the Civil Commitment of Rannow*, No. AP23-9018 (Minn. Comm't App. P. Jan. 22, 2024).  Rannow was represented by counsel in that proceeding.

[2] On December 9, 2024, Rannow sent a letter to the Court requesting to add additional Defendants. (Doc. No. 3.)  Rannow's letter fails to state a plausible claim on which relief may be granted against the proposed defendants and given the decision to dismiss the Complaint without prejudice, the Court denies Rannow's letter request.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff Steven L. Rannow's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE; and

2. Plaintiff's IFP Application (Doc. No. 2) is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 17, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court